IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRA GROUP, LP, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:15-mc-11-K-BN |
| JDA SOFTWARE GROUP, INC., | § § | |
| Defendant. | § § | |
| PROJECKT202, LLC, | § § § | |
| Movant. | § | |

**MEMORANDUM OPINION AND ORDER**

projekt202, LLC ("p202") has filed a Motion for Protective Order and to Quash Defendant's Rule 30(b)(6) Deposition Notice. *See* Dkt. No. 43. Although the substantive matters at issue have been resolved by agreement, p202's request for sanctions remains pending before the Court. For the reasons explained below, the Court DENIES the request for sanctions.[1]

**Background**

Defendant JDA Software Group, Inc. ("JDA" or "Defendant") was sued by Andra

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Group, LP, in the United States District Court for the District of Arizona. *See* Dkt. No. 1-2 at 25-42. JDA served non-party p202 with a subpoena to produce documents in Dallas, Texas. *See* Dkt. No. 1-2 at 1-24. p202 then filed a motion to quash the subpoena in this Court, *see* Dkt. No. 1, and JDA filed a cross-motion to compel, *see* Dkt. No. 11. United States District Judge Ed Kinkeade referred both motions to the undersigned magistrate judge for hearing, if necessary, and for determination. *See* Dkt. No. 15. The Court conducted a hearing on the motions, *see* Dkt. No. 21, and granted in part and denied in part each motion, *see* Dkt. Nos. 22, 24.

On August 1, 2015, JDA filed a motion for contempt and for sanctions, asserting that p202 failed to comply with the subpoena as ordered by this Court. JDA also sought an accelerated briefing schedule and expedited consideration of the motion to accommodate the amended briefing schedule in the Arizona litigation and because JDA believed p202 may have destroyed requested evidence. *See* Dkt. Nos. 26, 27, 28. p202 filed a response and objection to the motion, *see* Dkt. No. 33, and JDA filed a reply, *see* Dkt. No. 37. The Court originally set the motion for contempt and for sanctions for an evidentiary hearing on September 2, 2015, *see* Dkt. No. 36. The parties conferred about possible dates for a rescheduled hearing, and, at JDA counsel's request and without opposition by p202, the evidentiary hearing was reset for September 24, 2015. *See* Dkt. Nos. 41 & 42.

On August 28, 2015, the same day that the Court rescheduled the evidentiary hearing, *see* Dkt. No. 41, JDA's attorneys noticed the deposition of p202's corporate representative under Federal Rule of Civil Procedure 30(b)(6) for September 9, 2015.

*See* Dkt. No. 44 at 8-12. On September 3, 2015, p202 filed a motion under Federal Rule of Civil Procedure 26(c)(1) to quash the deposition notice and for a protective order. *See* Dkt. No. 43. In this motion, p202 argues that JDA's conduct merits sanctions in light of *Dondi Properties Corp. v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and requests sanctions, including its attorney's fees and costs incurred in bringing the motion. *See* Dkt. No. 43 at 7. After receiving the motion, the Court stayed the deposition pending resolution of the motion, ordered JDA to file a response, and set the motion for telephonic hearing on September 9, 2015. *See id.* at 45. JDA filed its response and objection on September 8, 2015. *See id.* at 46.

On September 9, 2015, the Court held a telephonic hearing on the motion to quash and for a protective order as to the Rule 30(b)(6) deposition of a p202 corporate representative. *See* Dkt. No. 47. After a lengthy discussion with, and argument by, p202's counsel and JDA's counsel, the Court cancelled the scheduled September 24, 2015 evidentiary hearing pending further order of the Court and ordered the parties' counsel to meet and confer to work in good faith to agree on a date for the deposition of p202's Rule 30(b)(6) corporate representative and on the scope of and topics for the deposition and to file a joint status report on those matters. The Court otherwise took the motion for protective order and to quash under advisement. *See* Dkt. No. 48.

On September 11, 2015, the parties filed their joint status report, *see* Dkt. No 49, in which they informed the court that they agreed to September 30, 2015 as the date for the Rule 30(b)(6) deposition of p202's corporate representative and that p202 had no objections to the scope of or topics listed on the Amended Notice of Deposition,

*see* Dkt. Nos. 49, 49-1.

With that very welcome report, the only issue that remains pending before the Court is p202's request for sanctions.

## Legal Standards and Analysis

Although the substantive matters at issue have been resolved by agreement, p202 has sought an award of its expenses for bringing its Federal Rule of Civil Procedure 26(c) motion. *See* Dkt. No. 43 at 7. Rule 26(c)(3) provides that Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses" on a Rule 26(c) motion. FED. R. CIV. P. 26(c)(3). Rule 37(a)(5)(A), in turn, provides that, if a motion "is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that the Court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

p202 argues that JDA unilaterally issued the deposition notice without notifying p202 and without inquiring about available dates for the deposition. p202 also argues that JDA refused to withdraw the deposition notice after it informed JDA that the corporate representative was not available for a deposition on September 9, 2015 and

after p202 provided dates on which the witness was available. All of those dates were after September 24, 2015, the date to which the evidentiary hearing on JDA's motion for contempt and for sanctions had then been reset. p202 alleges that JDA rejected all of those dates and informed p202 for the first time that it needed the deposition before the evidentiary hearing. *See id.* at 43.

JDA responds that it noticed the deposition for September 9, 2015 because it was the only date on which counsel for both parties indicated they were available before the September 24, 2015 evidentiary hearing (although September 9 did not work for the hearing because JDA's witness would be unavailable that day) and because p202 refused to provide an available date before the hearing for the deposition. *See* Dkt. No. 46.

At the September 9, 2015 hearing, p202's counsel explained that it had informed JDA's counsel that, although counsel were available for a hearing on September 9, 2015, the Rule 30(b)(6) corporate representative was not available on that date. p202's counsel also clarified that p202 did not oppose providing a corporate representative for a Rule 30(b)(6) deposition, even though it reserved the right to object to the topics on which the witness would be asked to testify, but it opposed the date unilaterally selected by JDA for the corporate representative's deposition. JDA's counsel explained that it always believed it would need a Rule 30(b)(6) deposition and, in fact, asked for such a deposition as part of the relief requested in its motion for contempt and for sanctions. But JDA's counsel explained that JDA believed it necessary to have the deposition once the Court set the evidentiary hearing on the belief that more evidence

would be expected at the hearing than the parties have submitted to date and that JDA's counsel needed to focus first on moving the September 2 hearing date once the Court set that date and counsel realized they had a conflict and that, only once that was accomplished did they turn their attention to securing a deposition before the hearing. And the parties informed the Court that they anticipated the amended scheduling order in the Arizona litigation would be amended again because discovery could not be completed by the October 5, 2015 discovery deadline.

The Court finds that this is a not situation that warrants sanctions under Rules 26(c) and 37(a)(5) or the Court's inherent powers. Both parties' counsel are reminded of *Dondi*'s mandates, including that, "[i]f a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent," and *Dondi*'s commendation of the Dallas Bar Association's "sensible" "Guidelines of Professional Courtesy," including that, "[w]hen scheduling hearings and depositions, lawyers should communicate with the opposing counsel in an attempt to schedule them at a mutually agreeable time. This practice will avoid unnecessary delays, expense to clients, and stress to lawyers and their secretaries in the management of the calendars and practice." 121 F.R.D. at 287-88, 293. As the *en banc* Court in *Dondi* warned, "[m]alfeasant counsel can expect instead that their conduct will prompt an appropriate response from the court, including the range of sanctions the Fifth Circuit suggests in the Rule 11 context: a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the

circumstances." *Id.* at 288 (internal quotation marks omitted). Finally, the Court reminds counsel for both p202 and JDA that the *Dondi* Court also admonished counsel that characterization of an opposing party's conduct as acting in bad faith "should be sparingly employed by counsel and should be reserved for only those instances in which there is a sound basis in fact demonstrating a party's deliberate and intentional disregard of an order of the court or of obligations imposed under applicable Federal Rules." *Id.* at 289.

In light of these standards, JDA's noticing the deposition for September 9, 2015 without first conferring with p202 on a date was not a preferred practice and is not an approach that any counsel here should repeat, but JDA's counsel's noticing the deposition for September 9 was at least substantially justified under all of the circumstances laid out above. Likewise, the Court finds nothing sanctionable about JDA's seeking a Rule 30(b)(6) deposition on matters at issue in JDA's motion for contempt and for sanctions after the motion was briefed but in advance of the evidentiary hearing set by the Court. As for JDA's refusal to withdraw its notice once p202's counsel informed JDA's counsel that p202's corporate representative was not available on September 9, the Court likewise finds that the circumstances do not warrant sanctions where p202 was unable to agree to any date for the deposition before the then-rescheduled hearing on September 24, despite JDA's counsel's offer to arrange the deposition for an evening or weekend.

The evidence shows that the parties reached a protracted and regrettably bitter impasse as to scheduling, and it appears clear to the Court that, if p202 had not first

filed its motion to quash and for a protective order, JDA very likely would have filed a motion to compel the deposition for September 9 or some other date sufficiently far in advance of the then-rescheduled September 24 evidentiary hearing, such that p202 would have incurred briefing expenses in any event.

## Conclusion

Except insofar as the Court already granted temporary relief by staying the noticed deposition pending resolution of the motion, and without altering or disrupting any of the parties' agreements memorialized in their September 11, 2015 Joint Status Report [Dkt. No. 49], p202's Motion for Protective Order and to Quash Defendant's Rule 30(b)(6) Deposition Notice [Dkt. No. 43] is DENIED.

SO ORDERED.

DATED: September 16, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE